## HAMILTON et al. v. OPPENHEIMER.
### No. 1239.

Court of Civil Appeals of Texas. Eastland.
Feb. 23, 1934.

W. H. Kennon, of San Antonio, for appellants.

Denman, Franklin & Denman, of San Antonio, for appellee.

FUNDERBURK, Justice.

Frederick G. Oppenheimer, individually, and as trustee for his minor children, brought this suit against V. E. Hamilton and wife, and Mrs. Kate B. Magruder to recover land situated in Bexar county, and in the alternative sought judgment against Hamilton and wife upon certain notes, together with a foreclosure against all the defendants of a deed of trust lien.

Mrs. Magruder, after formal answer, asserted a cross-action against the plaintiff for damages. She contended, as shown by her pleadings, that her brother, the defendant V. E. Hamilton, having defaulted in the payment of interest on the note due to Oppenheimer, and a large amount of delinquent taxes on his land, a lien upon which was security for the note, conveyed said land to Mrs. Magruder (Mrs. Hamilton joining in the conveyance) to enable Mrs. Magruder to attempt a refinancing of the loan and a profitable disposition of the property pursuant to negotiations previously begun; that in response to efforts to obtain an extension of the time of maturity of the note, Oppenheimer, under date of March 4, 1930, wrote Mrs. Magruder advising of his knowledge that the land had been conveyed to her, acknowledging receipt from her of all the delinquent interest on the note held by him, and delivery of a receipt showing payment by her of all delinquent taxes against the land, but stating, in substance, that on account of references in the abstract to certain defects in the mental condition of Hamilton, he did not wish to make any formal renewal of the note, but in order that Mrs. Magruder might have an opportunity to refinance the loan, or dispose of the property, he would not take any steps to foreclose the lien upon the property for a definite period of twelve months from February 15, 1930, providing Mrs. Magruder would keep the taxes on the property and interest on the note paid as same became due. It was alleged that said proposal to Mrs. Magruder was interpreted to be, and its legal effect was, "that if plaintiff would pay to defendant the aforesaid items of interest and taxes which plaintiff was under no legal or moral obligation to pay, she would be given a period extending to the day when such note would otherwise be barred by the statute of limitation, to-wit, a term of approximately three years, during which plaintiff (that is, plaintiff in cross-action Mrs. Magruder) would have the opportunity to refinance the said loan, or dispose of said property, provided that during such period she would pay the interest upon the said obligation as it matured, and pay the taxes upon said property prior to delinquency of such taxes." The aggregate of such obligations, plus other items of expenses which Mrs. Magruder was required to pay by this agreement, as she interpreted it, and which she did pay, was alleged to be approximately $5,000.

The said sum of $5,000 was sought to be recovered on the ground that payment thereof had been procured by Oppenheimer by rep-

resentations that were false and fraudulent in law. It was sought to be recovered upon the further ground that in legal effect the payment of said sum was "compensation for the use or forbearance or detention of money," in that the sole consideration for such payment was the agreement of Oppenheimer to refrain from foreclosing his lien for a period of twelve months; that therefore the sum paid was largely in excess of the legal rate of interest and was usurious. Other items of damages claimed need not be noticed, as 'no question is raised in regard to same.

The court instructed a verdict in favor of the plaintiff, Oppenheimer, for recovery of the land, and against the defendant Mrs. Magruder on her cross-action. Mrs. Magruder moved for an instructed verdict in her favor upon her cross-action. The matters presented for our review are (1) the action of the court in refusing such peremptory instruction in favor of Mrs. Magruder; and (2) the action of the court in peremptorily instructing the verdict for the plaintiff, Oppenheimer.

■ If the court did not err in instructing a verdict in favor of Oppenheimer and against Mrs. Magruder on the cross-action of the latter, then, of course, there was no error in overruling Mrs. Magruder's motion for a peremptory instruction in her favor. We shall, therefore, first consider whether the court erred in directing the verdict for Oppenheimer.

We readily reach the conclusion that the determination of this question is dependent upon the effect to be given to the following letter:

"San Antonio, Texas, March 4, 1930.
"Mrs. Kate B. Magruder, 1215 McCullough Avenue, San Antonio, Texas.

"Dear Madam: Mr. H. E. Hildebrand informs me that Vivian E. Hamilton has conveyed to you the tract of land on the Wetmore Road upon which I, as trustee, hold a lien evidenced by the records of Bexar County, Texas. I have received from you the payment of the delinquent interest on the note, and receipt showing the payment of delinquent taxes. On account of the instrument appearing in the abstract in reference to the mental condition of Mr. Hamilton, I do not wish to make any renewal of the note; but in order that you may have an opportunity to refinance the loan or dispose of the property, I hereby agree that provided you keep the taxes paid on the property as they fall due and the interest paid on the note

as it matures, I will not take any steps to foreclose the lien for a period of twelve months from the date of the maturity of the note, that is, from February 15, 1930.

"Yours truly,
"[Signed] F. G. Oppenheimer, Trustee for Alexander and Fred Oppenheimer."

If this letter is susceptible of the construction that it constitutes an agreement on the part of the writer to forbear foreclosure proceedings until just before the note held by Oppenheimer would be barred by limitation— a period of approximately three years—then the court erred in instructing a verdict for Oppenheimer. But, the letter cannot be so construed. It clearly and expressly states the agreement to be that he will, upon the conditions mentioned, "not take any steps to foreclose the lien for a period of twelve months from the date of the maturity of the note, that is, February 15, 1930." No facts were alleged in the cross-action which would constitute a cause of action, unless the legal effect of said letter was as contended by Mrs. Magruder. No facts were alleged sufficient to charge Oppenheimer with fraud. If Mrs. Magruder paid the money in the hope or expectation that the forbearance would continue beyond twelve months after February 15, 1930, the letter was notice to her that she had no right to entertain such hope or expectation.

■ The claim that $5,000 was recoverable as usurious interest is wholly inconsistent with Mrs. Magruder's alleged interpretation of the letter as being an agreement for the extension of the maturity date of the note for a longer period than one year. If the facts alleged could in any event constitute a cause of action for the recovery of usurious interest, it should have been alleged in the alternative. But no right of action for usury could exist under the facts alleged. If one person pays only the legal interest or other legal charges owing by another in consideration of an agreement to forbear to take foreclosure proceedings, it is immaterial how long, or how short, the period of agreed forbearance, or how much, or how little, the debt. We fail to see how it could be contended that such payment constituted a payment of usurious interest, when as a matter of fact only interest at a legal rate and other legal charges were paid.

It follows that in our opinion the court did not err in instructing a verdict for plaintiff and against Mrs. Magruder, and that, therefore, the judgment should be affirmed, which is accordingly so ordered.